JAMES T. ORDWAY, Appellant, v. THE CONTINENTAL
INSURANCE COMPANY, Respondent.

### Kansas City Court of Appeals, April 15, 1889.

1.  **Equity**: COURTS OF EQUITY AND CONSCIENCE DISTINGUISHED. The courts, in dealing with transactions of men, do not go to the full extent in individual cases, of meting out the measure of natural justice and sound morals, for these would demand the most scrupulous good faith, candor and truth, in all dealings whatsoever. The courts, by well-known rules, assign limits to the exercise of such jurisdiction. And while courts may relieve against misrepresentations as to material facts not known to the complainant, they will not relieve on account of a mere opinion or judgment as to some question of law, except in peculiar cases of trust and confidence.

2.  ————: COMPROMISE, SECURED BY ALLEGED MISREPRESENTATIONS: MATTERS OF LAW AND OF FACT. Where the defense to an action on an insurance policy is compromise and settlement, and the reply confesses and seeks to avoid by a plea to the equity side of the court, wherein it is sought to set aside the compromise, because of some fraudulent practice, and misrepresentation of the defendant's agent, whereby plaintiff was overreached or unduly influenced, and it appeared, from the evidence, that the agent claimed the policy was void because of concurrent insurance of which the company had no notice, and plaintiff insisted that the company did have notice of such insurance and then the agent, in view of his large experience in the business, expressed a judgment that plaintiff could not, in any event, recover on the policy, and after some half hour's, or more, similar talk, the compromise was effected, and proofs of loss were made in accordance therewith, and the money paid, and the company formally released, *held*, the evidence further showing that plaintiff's knowledge of the facts was more extensive than the agent's, that equity could not relieve the plaintiff from the consequences of his indolence and folly, or careless indifference, in relying on the agent's mere opinion as to matters of law, and if the plaintiff wanted an opinion on the law he should have gone to a person learned in the law, and not to his adversary.

8. **Concurrent Insurance:** KNOWLEDGE OF WHAT FACTS MAY AMOUNT TO WAIVER. While it is settled law in this state that the stipulation in an insurance policy against concurrent insurance may be waived by the agent effecting the insurance, yet the agent's knowledge of such concurrent insurance, to operate as a waiver, should be full and complete, and where, as in this case, it would seem that all that the agent was apprised of was, that there had been other insurance, but that it had about expired, and had only a day or two to run, or would expire in a few days, when in fact such concurrent insurance extended for a period of four to six months and the loss occurred four months after the issuance of the policy. *Held*, the company was not estopped from setting up such concurrent insurance as a defense to plaintiff's action.

*Appeal from the Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*A. H. Burkeholder, Luther Collier* and *E. M. Harper,* for appellant.

(1) There having been testimony offered tending to prove all issues made by plaintiff and entitling him to recover, the court erred in giving the demurrer. *Gibson v. Zimmerman,* 27 Mo. App. 90; *Jackson v. Ins. Co.,* 27 Mo. App. 62; *Baum v. Fryrear,* 85 Mo. 151; *Groll v. Tower,* 85 Mo. 249; *Noeninger v. Vogel,* 88 Mo. 589. (2) The agent of defendant who effected the insurance was apprised and had knowledge of the existence of the mortgage and other insurance on the property at the time the policy was issued by him, and the defendant was bound by such knowledge and is clearly estopped from claiming a violation of the terms of the policy. *Combs v. Ins. Co.,* 43 Mo. 149; *Franklin v. Ins. Co.,* 42 Mo. 456; *Haywood v. Ins. Co.,* 52 Mo. 181; *Pelkington v. Ins. Co.,* 55 Mo. 172; *Bailey v. Ins. Co.,* 73 Mo. 371; *Breckenridge v. Ins. Co.,* 77 Mo. 62; *Hamilton v. Ins. Co.,* 94 Mo. 363. (3) The settlement was fraudulent and void. The mind of plaintiff never

assented to it understandingly, but he was overreached and an unconscionable advantage taken of him. He was induced by the false and fraudulent representations of Sackett, defendant's skilled agent, who " understood his business," to make a settlement of a just and valid claim of six hundred and sixty dollars, for twelve dollars. The twelve dollars not being given in settlement, but in charity. *Blair v. Railroad*, 89 Mo. 383; *McLean v. Ins. Co.*, 100 Ind. 127.

*George Hall* and *W. B. Linney*, for respondent.

(1) Fraud, in law, constitutes no cause of action or relief. Plaintiff, in his reply, admits the settlement of the claim sued on and attempts to avoid it on account of fraud, but shows that the alleged fraudulent statements were made, if at all, in regard to questions of law, and not as to facts, and his testimony offered was inadmissible under the pleadings, and the court did right in sustaining the defendant's demurrer thereto. *Clem v. Railroad*, 68 Am. Dec., 653; *Russell v. Branham*, 8 Blacle, 277; *Starr v. Bennett*, 5 Hill, 303; *Reid v. Sidener*, 32 Ind. 375; *Whitman v. Meisseur*, 34 Ind. 494; *Rose v. Hurley*, 39 Ind. 82; *Smither v. Colvert*, 44 Ind. 246; *Clodfelter v. Hulett*, 72 Ind. 143; *Burt v. Bowels*, 69 Ind. 79; *Fish v. Clelland*, 33 Ill. 238; *Lehmon v. Shackleford*, 50 Ala. 437; *Townsend v. Cowles*, 31 Ala. 428. (2) Mere expression of opinion or statements, the truth of which is equally within the means of the knowledge of either party, does not constitute a fraud in law. *Terry v. Ins. Co.*, 3 Mo. App. 595; *Sloughter v. Gerson*, 13 Wall. 379; *Cronk v. Cole*, 10 Ind. 485; *Morray v. Metter*, 102 Mass. 217; *Gardner v. Parmela*, 2 Allen, 212; *Holbrook v. Connor*, 11 Am. Rep. 212; Kerr on Frauds and Mistakes [Am. Ed.] p. 82; *Armstrong v. Winfrey*, 61 Mo. 354; *Hotel v. Turner*, 8 Mo. App. 596.

GILL, J.—This is an action upon an insurance policy, made July 16, 1885, and expiring by its terms July 16, 1888, by which the defendant agreed to indemnify the plaintiff to the extent of one thousand dollars against loss by fire on plaintiff's dwelling and furniture situated in Trenton, Missouri. The property was destroyed by fire, November 6, 1885, and this suit was begun, February 4, 1886. At the trial in the circuit court, and at the close of plaintiff's evidence, the court gave an instruction in the nature of a demurrer to the evidence, declaring that on the pleading and evidence adduced the plaintiff could not recover. Whereupon the plaintiff took a nonsuit with leave, etc., and upon an unsuccessful motion to set aside the said nonsuit, the plaintiff has appealed to this court.

The petition is in the usual form. The answer, among other defenses, alleges violation by the plaintiff of the conditions of the policy, by which the same should be void if other policies were at the date of the contract or at any future date, during the continuance of the policy, taken out by the plaintiff, without the written consent of the defendant and the further condition that plaintiff was the absolute owner of the property insured and the same was not encumbered, etc. The breaches alleged in the answer are, that when defendant issued its policy there existed another policy of insurance in the sum of five hundred dollars on the same property, and that the plaintiff had theretofore mortgaged the same to Grundy county to secure the sum of three hundred dollars, which was then unsatisfied. Another and further defense is set up to the effect that on November 14, 1885, only a few days after the fire, the plaintiff and defendant compromised and settled the matter of obligation on said policy, by which, in consideration of the return of the premium paid by plaintiff, the plaintiff agreed to, and did, release all and every claim against defendant, on account of such policy of insurance.

Plaintiff, in reply, and by way of confession, and avoidance as to these matters of defense, admits the charge of other insurance and existence of the mortgage to Grundy county, but alleges that when said policy was issued the defendant, by its agent, was fully informed of the existence of such other and concurrent insurance as well as the existence of the Grundy county mortgage, that the defendant entered into the contract with knowledge of such facts and cannot now be heard to complain on that account. In reply to that portion of the answer, relating to the alleged compromise and settlement the plaintiff sets up that he was induced to make said compromise through and by means of alleged fraudulent practice of one Sackett, the defendant's adjusting agent, who came to Trenton a few days after the fire, and who, plaintiff alleges, for the purpose of cheating and defrauding plaintiff " falsely represented that defendant did not owe plaintiff anything on account of said loss ; that the defendant company had no knowledge of any other insurance on said property at the time the said policy was issued nor since said time ; that the defendant had no knowledge of any encumbrance on the house insured at the time the said policy was issued ; that there was an encumbrance and other insurance of which the defendant company knew nothing ; that the prohibitory clause in the policy issued by defendant company was absolute on its face, and that if the policy issued by defendant company was cancelled then plaintiff could collect the full amount of the other insurance on said property, and not otherwise, and proposed as a settlement, that if plaintiff would give defendant a receipt in full for all losses sustained as against the defendant company he would give him back the twelve-dollar premium paid by plaintiff, as the company did not wish to keep his money and not pay him anything, and the plaintiff relying on and believing what Sackett said and that the

facts as stated by him were against him, the plaintiff, and relying upon the false and fraudulent representation of said Sackett, then believed that if he accepted the premium back as proposed that he could then recover the entire amount of the other policy, he was induced to, and did, accept the said twelve dollars and did sign a receipt in settlement of his claim, entirely on the basis of the representation above made, and said Sackett on behalf of defendant company took said policy from plaintiff, but as to whether the same was cancelled he has no knowledge or information sufficient to form a belief."

Owing to the disagreement of counsel, we have been compelled to examine the entire record in this case, so as to possess ourselves of the full scope of the testimony offered at the trial, and to be able thereby to determine whether, or not, there was sufficient to support a verdict for the plaintiff, which, in truth, is the question for our decision.

There is evidence in this record tending to establish about this state of facts.

Plaintiff, in securing his policy of insurance in July, 1885, treated with a man by name of Coon, defendant's local agent at Trenton, Missouri, and who died before the property burned. The only fair inference to be gathered from the evidence is, that when the policy in suit was issued, both the plaintiff and Coon, the agent, believed that the policy of the "Phœnix Insurance Company," which had covered the property for some time had practically expired. This conclusion is forced on us by plaintiff's evidence at the trial and the action of the respective parties. Plaintiff testifies that he thought the "Phœnix" policy had about expired, and admits that he so stated to the agent Coon. He says further that it had been the understanding between him and Coon for some months that when the "Phœnix" policy expired that he would insure in the defendant company and at the issuance of the policy in suit, plaintiff, while

testifying to Coon's knowledge of the existence of the Phœnix policy, yet admits that he said to Coon, that it would expire "in a few days," or "in a short time" (as witness McGrath has it), and that the agent Coon replied that "a day or two would make no difference," etc.     Plaintiff's want of correct information on the subject was due to the fact that the "Phœnix" policy was then held by Grundy county, his mortgagee.     The agent Coon's information, it would seem, was only such as was imparted to him by the plaintiff and that was to the effect, and no further, that if the "Phœnix" policy had not expired it was about to, or would expire in a few days.     But the "Phœnix" policy had not expired nor did it expire "in a few days," nor in what may be termed "in a short time," for as the evidence shows it was a "living" policy when the fire occurred four months after the issuance of the policy in suit.     The testimony further shows that the property covered by these concurrent policies was destroyed November 6, 1885, and on the fourteenth of November Sackett, the defendant's adjusting agent, appeared at Trenton and negotiated and agreed with plaintiff, as to terms of compromise.     In this negotiation and settlement between plaintiff Ordway and agent Sackett, the agent insisted that the policy was void, and that plaintiff was not entitled to anything thereon for the reason that there was concurrent insurance of which the company had no notice, and not noted on the policy as provided by its terms.     Plaintiff contended that he had given notice of such insurance to the company's agent Coon at the time the policy was issued.     The agent Sackett repeated his large experience in the business and expressed a judgment that plaintiff could not in any event recover on the policy, and after some talk of half or three-quarters of an hour plaintiff accepted the terms of compromise offered, to-wit:   A return to plaintiff of the

premium paid which should be an adjustment of the differences between the plaintiff and defendant company.

Thereupon formal proof of loss was made in which as matter of compromise, plaintiff put his loss at twelve dollars, the amount of return premium, and at the same time signed the following:

"$12.00.          TRENTON, Mo., Nov. 14, 1885. ·

"Received of the Continental Insurance Company, of the City of New York twelve dollars in full satisfaction of all claims and demands upon said company for loss and damage by fire which occurred on the sixth day of November, 1885, situate at Trenton, Missouri, and insured by the said company, policy No. 795, and the said company in consideration of the premises and one dollar to be paid, the receipt of which is hereby acknowledged, is hereby discharged forever from all further claim by reason of said fire, loss and damage, and said policy of insurance is hereby cancelled in full and surrendered to said company.

"Witness my hand and seal,

"JAMES ORDWAY."

Now, it would seem that there is no theory of law, or equity, upon which plaintiff should be permitted to recover in this action. His suit is one at law, and upon defense of compromise and settlement, plaintiff's reply may be considered a confession of compromise, but seeks to be relieved from such settlement by a plea to the equity side of the court, wherein it is sought to set aside the compromise, because of some fancied fraudulent practice by the defendant's agent, some misrepresentations by such agent, by which he, the plaintiff, was overreached or unduly influenced.

The courts, in dealing with transactions of men do not go to the full extent in individual cases, of meting out the full measure of natural justice and sound morals;

for these would demand the most scrupulous good faith, candor and truth, in all dealings whatsoever. The courts, by well-known rules, assign limits to the exercise of such jurisdiction. "Misrepresentations, from which relief may be granted, must not only be in reference to something which is material, but it must be in something in regard to which the one party places a known trust and confidence in the other. It must not be a mere matter of opinion equally open to both parties for examination and inquiry, where neither party is presumed to trust the other, but to rely on his own judgment." * * * "The law affords to every one reasonable protection against fraud in dealing, but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information." 1 Story Eq., sec. 197, 199 and note ; 2 Kents'. Com. 484, *et seq.; Slaughter's Adm'r v. Gerson,* 13 Wall 383 ; *Armstrong v. Winfrey,* 61 Mo. 359.

The misrepresentations complained of must relate to some *material fact,* about which the truth was not known to the complaining party, and must not relate to some question of *law* on which an opinion is given by one on whom the complainant had no right to trust. Courts will not relieve on account of a mere opinion or judgment as to these matters, except in peculiar cases of trust and confidence. *Starr v. Bennett,* 5 Hill 305 ; *Lehman v. Shackleford,* 50 Ala. 439 ; *Reed v. Sidener,* 32 Ind. 375 ; Story Eq., sec. 197, *supra.*

Now, measured by the foregoing principles, what showing was made by the plaintiff at the trial of this cause ? The misrepresentations, of which he complains, relate wholly to matters of fact of which he had full knowledge before any interview was had with agent Sackett. Plaintiff alleges in his reply, and testifies at the trial, that Sackett denied the company's knowledge

of the concurrent insurance in the "Phoenix Insurance Company," and yet the same plaintiff testifies, that of this concurrent insurance he gave defendant notice at the time the insurance was taken in the defendant company. He knew then the falsehood of Sackett's statement. Plaintiff also alleges, in his reply, and testifies that Sackett, the agent, told him that the policy was void and that plaintiff could not recover on the same, that the provision in the policy requiring such concurrent insurance to be noted therein was an absolute requirement and that the only chance plaintiff had for getting indemnity for his loss was on the policy of the "Phoenix Company," and that could be done only by the surrender and cancellation of the policy sued on. Of the *facts*, plaintiff knew all and *more*, than did agent Sackett, and on Sackett's mere opinion as to the matters of *law* he had no right to reply. Plaintiff was not, therefore, induced to compromise the disputed claim by any false representation of *facts*, for, according to his own evidence, he knew such representations to be false, and hence did not rely on Sackett's statement of these facts; and in the words of the court in *Starr v. Bennett, supra,* "if the plaintiff wanted an opinion on the law he should have gone to a person learned in the law (one in whom we would put trust and confidence) and not to his adversary." The circumstances here are very different from those in the case of *Mrs. Blair v. Railroad,* 89 Mo. or in that of *McLean v. Ins. Co.,* 166 Ind. 127, where relief was awarded because of affliction, mental and physical, and where it was shown the faculties were at the time impaired by mental and physical distress, old age or imbecility. From the record of this case no such claim is made, nor one syllable of evidence to sustain it, if it had been made. Neither is it a case of the violation of any peculiar trust or confidence. Mr. Ordway, the plaintiff, who, we have the right to assume, was possessed of

ordinary mind and discretion, met Sackett, the adjusting agent of the defendant, for the first time, and "at arms' length" negotiated the settlement. The parties met on equal footing and with like knowledge as to the facts in the case, and if Ordway saw proper, under the circumstances, to adopt the opinion of Sackett as to matters of law, and entered into the compromise in question, he cannot now be heard to complain.

But even were this compromise and settlement to be ignored, or held for naught, still the plaintiff could not recover for the loss or his dwelling. It is true and the law is well settled in this state by repeated adjudications, that, notwithstanding the policy of insurance may stipulate a forfeiture of the rights of the assured if there should be other and concurrent insurance not mentioned in writing on the face of the policy, yet if the agent securing the risk shall in fact be apprised of such other insurance when the policy is issued, then such condition is waived, and the company will be estopped from setting up such concurrent insurance in bar of an action for the loss of the property so insured. 73 Mo. 371; 94 Mo. 363; 55 Mo. 172, etc.

But in the case at bar the defendant's agent Coon, effecting the insurance, or indeed any agent or officer of the defendant, did not have knowledge, full and complete, of said concurrent insurance.

From the most favorable light, gathered from the evidence, in which we can put this case for the plaintiff, it would seem that all that Coon, the agent, was apprised of was, that there had been other insurance, but that it had *about expired*, and he, Coon, agreed to waive the existence of such concurrent insurance, as it had only a day or two to run, or would expire "in a few days," as he was advised by plaintiff. The defendant company then was not informed, by the plaintiff of the true condition, to-wit: That there was another policy on the property with yet several months to run, as was

the fact in relation to the policy of the "Phoenix" Company. Defendant, or its agent, may have been entirely willing to have carried the risk concurrent with the "Phoenix" for a day or two, but unwilling to do so for so long a period of four to six months. The fire occurred four months after the time when plaintiff, in securing the policy in suit, had assured the defendant's agent that such prior insurance in the other company was about to expire, or would determine in a day or two. Under the circumstances, then, at the date of the fire, November, 1885, the defendant company was not estopped from setting up concurrent insurance as a defense to plaintiff's action, because, by, plaintiff's statement made at the issuance of the policy in suit, such other insurance had expired sometime prior thereto.

The court below was correct in its action and the judgment should be affirmed. The other judges concur.