———o———

RUFUS, LOU, and JOSEPH M. PELKINGTON, Plaintiff in Error, *vs.* THE NATIONAL INSURANCE Co., Defendant in Error.

1. *Insurance—Additional—Written indorsement—Agent—Notice to—Estoppel in pais.*—Where it was made the express condition of a contract of insurance that, if the assured should make any other insurance on the property without the written consent of the company indorsed on the policy, he should recover no insurance thereon, and it appeared that the agent was duly notified of such additional insurance and made no objection, *held*:

1st. That notice to the agent was notice to the company.

2nd. That upon such notice, in the absence of any dissent, the company would be presumed to have waived the written indorsement and would be bound. By its conduct in the premises it would be estopped from setting up the want of the indorsement as a defense to the policy.·

### Error to Pettis Circuit Court.

*Phillips & Vest,* for Plaintiffs in Error.

I. In Hayward vs. Nat. Ins. Co. Han. (52 Mo., 181,) the case of Hutchins vs. The Western Ins. Co., 21 Mo., 97, has been overruled, and the equitable rule has been established, that the condition in the policy may be waived by the company, and that the waiver may be made as well by acts as by positive declarations, and that the Company may be estopped from setting up the want of indorsement by its course of dealing under the circumstances. In Geib vs. The International Ins. Co., 1 Dill. Ct. Ct. R., 449, Judge Dillon says, "As the local agent might, by contract indorsed on the policy, have waived the condition as to the amount to be insured, he may, by acts and by course of dealing, do that which amounts to such a waiver ; may dispense with this condition and with the requirement that such waiver or dispensation shall be in writing indorsed on the policy." This rule has been since approved by the Supreme Court of the United States in the case of "The Distilled Spirits," 11 Wall., 356; see also Viele vs. Germania Insurance Co., 26 Iowa, 9 ; Peoria M. & F. M. Ins. Co. vs. Hall, 12 Mich., 202.

*Crandell & Sinnett,* for Defendant in Error.

I. The subsequent insurance wrought a forfeiture of the policy sued on, and oral waiver is not sufficient to revive it, unless some new consideration on part of assured supervenes. There is no pretense of new consideration in this cause. (1 Phil. Ins., §§ 1040, 2155; Cockrell vs. Cin. Ins. Co., 16 Ohio, 149 ; Turrell vs. Thomas, 5 Bingh., 188.) The forfeiture of a claim under a policy, incurred by deviation, may be waived in writing, but not by a merely verbal consent to waive it after it has occurred. (3 Johns. Cas., 142; 1 Sumn. C. C., 232.)

The doctrine in some late cases that there may be a parol waiver of prior or subsequent insurance, if communicated at time of, or before, making the policy, is based upon the fact, that the premium is accepted with full knowledge of the facts and that the contract is made with reference to the facts stated. In the case at bar the subsequent insurance was made in violation of the contract of insurance then in existence, and knowledge thereof by parol was given after the contract was forfeited with no new consideration between the parties, or indorsement on the policy. Here the doctrine of oral waiver can have no equitable or legal application. Defendant had the perfect right to refuse written consent to the subsequent insurance. The forfeiture of the policy is the result of plaintiffs' act in violating the contract. The wrong, if any, is imputable to plaintiffs' own unwarranted violation of the policy, and not to defendant's neglect or refusal to consent thereto. (21 Mo., 97; 4 How., 222; Forbes vs. The Aganaw Ins. Co., 9 Cush. 470; Barrett vs. Ins. Co., 7 Cush., 178; Carpenter vs. Ins. Co., 16 Pet., 512.)

. The case of Hayward vs. Nat. Ins. Co., 52 Mo., 181, modifies to some extent the doctrine held in Hutchinson vs. Western Ins. Co., 21 Mo., 97; but the acts and circumstances connected with the transaction in that case are so different from the facts set up in the case at bar, that it would require an unwarrantable stretch of law to apply the principle of estoppel therein enumerated to this case. In the Hayward case the facts clearly show that it was well understood between the insured and the insurance agent, at the time of the issuing the policy of $3000 sued on, that $6000 was to be kept on the insured property. In the case at bar, the policy sued on was issued without any understanding or notice whatever, that plaintiffs intended to take out any further insurance on the property. There is no averment in the pleadings that at any time plaintiffs presented the policy sued on to the agent for the proper indorsement, or that they gave any consideration for such indorsement or waiver; or that defendant, by its agent or otherwise, gave actual consent to such additional insurance; but they rely wholly upon the fact,

that, at the time they notified the agent of the subsequent insurance, he did not object and notify them that their policy was annulled.

There is no estoppel in this case. Bigelow on Estoppel, page 480, says: 1st. "There must have been a representation or a concealment of material facts: 2nd. The representations must have been made with a knowledge of the facts: 3rd. The party to whom it was made must have been ignorant of the truth of the matter: 4th. It must have been made with the intention that the other party should act upon it: 5th. The other party must have been induced to act upon it."

Here plaintiffs with full knowledge of the conditions of the policy, and, without notice to defendant, take out another policy in another Company. After their second policy had been taken, and the contract between plaintiffs and defendant had been forfeited by the acts of plaintiffs, they notify defendant's agent of their acts, and because he makes no reply, they claim that defendant is estopped from setting up their violation of the contract to defeat this action. Why should the defendant object? It is too late for objections; the injury is done, the policy vitiated, and it is entirely optional with the defendant, whether the policy shall be restored or not, and its failure to make the proper indorsement on it to give it new life is the strongest evidence that it was considered void from that time by defendant, and it seems to have been treated as such. Now we ask, where is the representation? Where the concealment? Where is the intention shown to do a wrong? What has defendant done to induce plaintiffs to act contrary to their interests? (See Corning vs. Troy Nail Factory, 39 Barb., 311.) For further authorities on the doctrine of estoppel, see Shaw vs. Spencer, 100 Mass., 382; Hopper vs. McWhorter, 18 Ala., 229.

But the Hayward case was not intended to cover such a case as this. Vories, J., in giving the opinion of the court, says: "I do not say that the fact that Lennon told Eby after he had taken the last policy, that he had given the risk to another Company, would have been sufficient of itself to constitute a

waiver of the condition in the policy in question, but this fact, taken in connection with all the other facts connected with the transaction, I think, is sufficient." The doctrine enunciated in the case of Hutchison vs. Western Ins. Co., 21 Mo., 97, must govern this case.

WAGNER, Judge, delivered the opinion of the court.

When the court struck out the replication to the defendant's answer, the plaintiffs took a non-suit, and, failing to have the same set aside, they have sued out their writ of error.

The petition was on a policy of insurance issued by the defendant, and the answer, by way of new matter and in avoidance of the action, stated as a special defense, that "it was an express condition of said policy, that if the assured should have, or shall hereafter make, any other insurance on the property hereby insured or any part thereof without the written consent of the company indorsed upon the said policy, * * * * then the assured shall not be entitled to recover from the company any loss or damage which may occur in or to the property hereby insured, or any part or portion thereof. There was then an averment, that plaintiffs did take insurance from the Lamar Ins. Co. for $1,500 on the property insured by defendant, after the same had been insured by the defendant, and that, the written consent of defendant thereto was not indorsed upon the policy sued upon, for which reason it was claimed, that the policy was forfeited, and no recovery could be had thereon. The reply admitted, that the policy contained the condition set up as a special defense, and also admitted, that the written consent of the defendant to the making of the additional insurance was not indorsed upon the policy; but it alleged, that the indorsement was not made by reason of the fact that defendant, by its agent, who had full authority from defendant for so doing, waived the performance of said condition, and, after being notified by plaintiffs of said additional insurance, failed and neglected to make the indorsement on the policy, and that said agent, after being duly notified of the additional insurance, assented thereto.

The court, by its ruling in striking out the replication, vir-

tually decided that it was absolutely necessary to obtain the written indorsement of the company's assent to the additional insurance, before any recovery could be had. There are cases which undoubtedly sustain this position, but the tendency of the modern decisions is to relax and modify this stringent doctrine.

It is emphatically averred, that the agent was duly notified of the subsequent and additional insurance, and assented to the same. Notice to the agent was notice to the principal, and the company was bound by that notice. After the company was notified, and made no objection, the assured had the right to suppose that it acquiesced and still continued the policy. This very question was passed upon in Hayward vs. Nat. Ins. Co., 52 Mo., 181 in construing the same condition in this company's policies, and it was there held, that, where the agent was notified of the additional insurance, the company was bound by such notice, and in the absence of any dissent a waiver of the written indorsement would be presumed. The case of Horwitz vs. Equitable Mut. Ins. Co. (40 Mo., 557) is also in point. In that case, the company sought to avoid its liability under a similar clause in its policy because there was no written indorsement of a subsequent and additional insurance, but it was decided that it was the duty of the company, upon being notified of the additional insurance, to indorse the same upon the policy of the assured or to notify him of the refusal of the risk, and that, having failed to do so, it would not be permitted to set up as a defense the failure to have such additional insurance indorsed upon the policy. When the assured has notified a company that he has procured additional insurance, it is the duty of the company, if it does not intend to be further bound or to continue the risk, to express its dissent, and not allow the party to repose in fancied security to be victimized in case of loss.

It is unconscientious to retain the premium and affirm the validity of the contract whilst no risk is imminent, but, the very moment that a loss occurs, to then repudiate all liability and claim a forfeiture. If the indorsement is not

made upon notice duly given, a waiver will be presumed in, the absence of any dissent. If a party by his silence directly leads another to act to his injury, he will not be permitted, after the injury has happened, to then allege anything to the contrary, for he, who will not speak when he should,will not be allowed to speak when he would.

The judgment should be reversed, and the cause remanded: The other judges concur.