COLUMBIA PLANING MILL COMPANY, Respondents, v.
AMERICAN FIRE INSURANCE COMPANY OF
NEW YORK, Appellants.

### Kansas City Court of Appeals, November 5, 1894.

1. **Insurance:** INCREASED HAZARD: KNOWLEDGE OF AGENT. A policy insuring a dwelling house containing a provision that it should be void if the hazard was increased or any material fact concealed, though at that time the assured was using the house for other purposes, which it is assumed, increased the risk, yet such use does not avoid the policy since the agent issuing the policy well knew the reputation of the assured and the character of the house she kept.

2. ———: ———: ———: GASOLINE. Though an insurance policy contains a provision against increased hazard, it will not be avoided by the use of gasoline in small quantities used by female inmates of a house for the purpose of cleaning their clothes.

3. **Evidence:** COMPROMISE: CASE DISTINGUISHED. Where the defendant denies its liability *in toto* on an insurance policy and offers to pay a stated amount merely to avoid the vexation of a lawsuit, it is improper to admit evidence of such offer to go to the jury. *Stavinow v. Ins. Co.*, 43 Mo. App. 513, explained and distinguished.

*Appeal from the Boone Circuit Court.*—HON. JNO. A.
HOCKADAY, Judge.

REVERSED AND REMANDED.

*C. B. Sebastian* for appellant.

(1) The court erred in permitting the witnesses to testify in reference to the propositions of compromise. The court erred in overruling defendant's objection to this evidence, and in holding that it was admissible to show waiver of a proof of loss. As that question was not in issue, the defendant from the first denied its liability under the policy, and that did away with the necessity of a proof of loss. *Maddox v. Ins.*

*Co.*, 39 Mo. App. 198. The court erred in refusing to give the following declaration of law offered by the defendant: "Number 1. The court, sitting as a jury, declares the law to be that, under the evidence and the provisions of the policy sued on, the verdict and finding must be for the defendant." *First.* The policy provides that it shall be void if the insured has concealed or misrepresented in writing or otherwise, any material fact or circumstances concerning the insurance or the subject thereon. *Schulter v. Ins. Co.*, 62 Mo. 236. *Second.* The policy further "provides that if the hazard be increased within the knowledge and consent of the insured, or if (any usage or custom of trade to the contrary, notwithstanding) there be kept or allowed on the above described premises, benzine, * * * gasoline, the policy shall be void." The evidence in this case does not bring it within the rule laid down by this court in the case of *LaForce v. Ins. Co.*, 43 Mo. App. 518.

*Gordon, Gordon & Gordon* for respondent.

(1) The court did not err in overruling defendant's objection in permitting the witnesses to testify in reference to propositions of compromise. This evidence, as the record shows, was admitted by the court only on the question of waiver, and as such it was competent. *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *LaForce v. Ins. Co.*, 43 Mo. App. 518; *Summers v. Ins. Co.*, 45 Mo. App. 51; *Maddox v. Ins. Co.*, 39 Mo. App. 198. (2) Knowledge of the agent as to the character of the house was knowledge of the company, and the defendant is estopped, as the court rightly instructed on behalf of plaintiff, from availing itself of that plea as a defense against the plaintiff's recovery in this action. *Stavinow v. Ins. Co., supra; Hamilton v. Ins.*

Co., 94 Mo. 368; *Anthony v. German-American Co. of New York*, 48 Mo.App. 65; *Barnard v. Ins. Co.*, 38 Mo. App. 106; *Parks v. Ins. Co.*, 26 Mo. App. 511; *Haywood v. Ins. Co.*, 52 Mo. 181; *Holloway v. Ins. Co.*, 48 Mo. App. 2.    2 Wood on Fire Insurance, p. 851, section 414. (3) The court did not err in refusing to give defendant's instruction number 1, which was "a demurrer to plaintiff's evidence and the provisions of the policy sued on," as there was ample evidence to sustain the verdict.    Where the trial court is intrusted with both facts and law the appellate court must assume the facts to be as the trial court found them. *Taylor v. Penquite*, 35 Mo. App. 403; *Swazze v. Bride*, 34 Mo. App. 414; *Gaines v. Fender*, 82 Mo. 509; *Hamilton v. Bogges*, 63 Mo. 252. (4) We think the evidence in this case clearly brings it within the rule laid down by this court in case of *LaForce v. Ins. Co.*, *supra*, and authorities cited.

ELLISON, J.—This is an action on a policy of insurance assigned to plaintiffs by the assured in which plaintiffs recovered below.

The house was insured as a dwelling house, while the proof showed it to be a bawdy house.    It was the dwelling house of the assured, but she used it and occupied it as a bawdy house.    The policy contained no provision against bawdy houses, but did contain a clause that the policy should be void if the hazard be increased or any material fact be concealed with reference to the risk.    Conceding that a bawdy house is an increased risk and hazard over an ordinary dwelling house and for that reason would ordinarily avoid a policy issued merely on a dwelling house, yet we must rule the point on this question against the defendant company, for the reason that the evidence shows clearly enough, that its local agent who issued the policy knew

the reputation of the assured and the character of house she kept. His knowledge in this respect, under the policy which contains nothing limiting his authority in respect to what he could insure, is binding upon the company. This disposes of several points of objection which have been presented by defendant relating to this branch of the case.

The further contention is insisted upon that the assured, in violation of the terms of the policy, kept and allowed gasoline on the premises insured. The evidence showed the use of gasoline in small quantities, and this was purchased from time to time in small quantities (pint or quart bottles). There was evidence however tending to show that this gasoline was bought and used by the female inmates of the house for the purpose of cleaning their clothing; that it was not kept on the premises in any quantity except on occasions when needed for the purpose aforesaid. This puts the case on a plane with the decision in *LaForce v. Ins. Co.*, 43 Mo. App. 518, where we held that such use of a like prohibited article would not avoid the policy. The court properly instructed the jury on this point in instruction 2 for plaintiff, and 4 for defendant.

An examination of the proceeding had at the trial has satisfied us that, with one exception, the case was properly tried; and that the objections urged here, save one, are untenable as the record stands now.

The exception referred to is this: plaintiff was permitted to introduce the testimony of three or more witnesses as to an offer of compromise made by defendant. The record shows that the evidence was admitted only for the purpose of showing a waiver by defendant of proofs of loss. We can not see how it could have any tendency to show a waiver, since the proofs themselves were introduced and no further contention made as to their sufficiency. The defendant denied *all* liability

and stated explicitly that the policy had been avoided by use of gasoline; and added that merely to avoid the vexation of a lawsuit it would pay an amount stated. The evidence was probably admitted in view of what is stated in *Stavinow v. Ins. Co.*, 43 Mo. App. 513 and *Summers v. Ins. Co.*, 45 Mo. App. 46. In the latter case it will be noticed that the insurance company admitted its liability and only disputed the *amount*, that is to say, the *value* of the property, and offered a sum as being the full value. In the *Stavinow case* it must be conceded, in justice to the trial court, that the statement in that opinion, concerning the point we are now considering, is of such a character, not being accompanied with a statement of the facts of that case, as to mislead. The point decided there was correctly decided as applied to the facts disclosed by that record and which should have appeared in the opinion. The facts were that the insurance company was seeking to avoid the policy on the ground that the assured had taken out additional insurance without its consent. The proof of an offer of compromise was only as to the value of the property destroyed. The tendency of the evidence was to show that defendant had waived the matter of additional insurance by admitting its liability for the loss, but disputed and asked to compromise the *amount* of the loss. But in the case at bar all liability was denied and the offer of compromise was for the sake of peace and to avoid litigation—the very thing the law encourages. The case was closely contested as to some matters of fact developed therein and it is not unreasonable to suppose that this evidence as to offers of compromise had its influence on the result. It being error we must assume it was harmful in the absence of the record showing it could not have been.

In case defendant wishes to rely upon the fact (if it be a fact) that the assured was not the owner in fee

simple of the property, but that it was incumbered by mortgages, it would be well to plead it along with the other special matter set up in the answer.

For the reason mentioned, the judgment will be reversed and the cause remanded.   All concur.