W. F. CAGLE, Respondent, v. THE CHILLICOTHE TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1899.

1. **Insurance**: PLEADING: AMENDMENT AFTER VERDICT. A petition on an insurance policy should allege ownership of the property in the plaintiff at the time of the loss, otherwise it would be fatally defective, but where the case is tried as if the fact of ownership was in issue, the petition may be amended after verdict, since such petition does not alter the issue.

2. ———: FRAUD IN APPLICATION: KNOWLEDGE OF AGENT: INSTRUCTION. An instruction relating to the knowledge of the defendant's agent who took the risk and wrote up the application therefor with full knowledge of all the facts, is considered and approved by the court.

3. ———: APPLICATION: KNOWLEDGE OF AGENT: ESTOPPEL. Although plaintiff signed an application without knowledge of its false statement, still it must be treated as his own, but the insurer will be estopped to show any breach of warranty where the agent who effects the insurance is fully apprised of the facts and still insures the property and receives the premium therefor.

*Appeal from the Jasper Circuit Court.*—HON J. D. PERKINS, Judge.

AFFIRMED.

JOHN M. VORIS and HOWARD GRAY for appellant.

(1)    The court erred in overruling the objection of
the defendant to the introduction of the evidence on the
ground that the petition did not state facts sufficient to con-
stitute a cause of action.    As the petition then stood it did
not allege an insurable interest in the plaintiff at the time
the policy was issued and contained no allegation of owner-
ship at the time of the fire.    Clevinger v. Ins. Co., 71 Mo.
App. 73; Scott v. Ins. Co., 65 Mo. App. 75; Lane v. Ins.
Co., 28 Am. Dec. 151; Christman v. Ins. Co., 16 Ore. 283;
Harness v. Ins. Co., 62 Mo. App. 245; Story v. Ins. Co., 61
Mo. App. 534; Assur. Co. v. Dunbar, 26 S. W. Rep. 628;
Fowler v. Ins. Co., 26 N. Y. 422.    (2) The plaintiff at
tempted to cure the fatal defect in his petition, as to owner-
ship at the time of the fire, by amendment after verdict, and
motion for new trial and arrest had been filed, by adding the
following words, "And that plaintiff was the owner of all
said property at the time of said fire."    This was too late,
as fatal defects in the petition can not be supplied after ver-
dict.    The statute authorizing amendments after verdict was
intended to supply formal defects and not to permit an
amendment making for the first time a cause of action.
Barnes v. Prewitt, 28 Mo. App. 163.    (3)    The first in-
struction given for the plaintiff submits to the jury the ques-
tion as to the application being read and understood by the
plaintiff at the time he signed it when no such issue is raised
by the pleadings.    (4)    Over valuation by assured is a
badge of fraud; and where insured knowingly exaggerates
the value far beyond the cost and market value, it is conclu-
sive presumption of fraud.    Babbitt v. Ins. Co., 66 N. C.
70; 29 Am. Dec. 616, 617, note; Horsey v. Ins. Co., 27
N. H. 149; 2 Phillips on Ins., sec. 2080; 1 Parsons on Ins.,
sec. 262; May on Ins., sec. 373; Ins. Co. v. Glibert, 27 Mich.

429; Dumas v. Ins. Co., 40 L. R. A. 358; Nixon v. Ins. Co., 69 Mo. App. 351.

H. J. GREEN for respondent.

(1) When a petition states a cause of action, but some important fact is stated inferentially only a general objection to the introduction of evidence should be overruled. Bank v. Scalzo, 127 Mo. 189; Keaton v. Keaton, 74 Mo. App. 178; McDermott v. Claas, 104 Mo. 14; Murphy v. Ins. Co., 70 Mo. App. 78; Hatten v. Randall, 48 Mo. App. 203; Young v. Shickle, 103 Mo. 324; R. S. 1889, sec. 2113. (2) The court committed no error in allowing plaintiff to amend his petition after verdict by alleging ownership of the property more directly. Lamb v. Cable Co., 33 Mo. App. 492; McClannahan v. Smith, 76 Mo. 428; Young v. Glascock, 79 Mo. 574; 1 Ency. of Plead. and Prac., p. 551; p. 557, citing Smith v. Railroad, 56 Fed. Rep. 458; Smith v. Ins. Co., 66 Barb. (N. Y.) 556; Erasts v. Accident Ass'n, 61 Hun. (N. Y.) 624; Stephens v. Frampton, 29 Mo. 263; State ex. rel. v. Sandusky, 46 Mo. 377; Chouteau v. Hewitt, 10 Mo. 131; 1 Ency. of Plead. and Prac., p. 605. After judgment cases cited, 610-611; 2 Ency of Plead. and Prac., p. 413; Kashland v. Fire Ass'n, 49 Pac. Rep. (Ore.) 865. (3) The court committed no error in allowing and permitting defendant to testify that he did not read or examine the application for insurance signed by him at the time he signed it. (4) The basis of the estoppel is that the agent in filling up the application acted as the agent of the insured, and that the latter is precluded from denying what its agent once asserted. (5) When the agent of the company thoroughly inspects the premises and makes an examination and estimation and puts his estimation in the application and the assured acts in good faith, accepting the policy and paying the premium, the company will be estopped

VOL. 78 app—28

from setting up that claim, as the agent in filling up the application acted as the agent of the insurer.

SMITH, P. J.—This is an action which was brought on a fire insurance policy. The petition failed to allege directly or inferentially the ownership of the property at the time of the loss. After the verdict the plaintiff was permitted by the court to insert a proper allegation of this fact in his petition. This action of the court is assigned as error.

It is true that at the inception of the trial the defendant objected to the introduction of any evidence by the plaintiff on the ground that the petition did not state facts sufficient to constitute a cause of action. No doubt but that if the defendant had, in his objection, specified in what particular the petition was defective that the court would INSURANCE: have permitted the defect to have been supplied pleading: by amendment. The question here is not amendment after verdict. whether the defect was cured by verdict. It is not a case where a cause of action is defectively stated, but one where an essential fact to the plaintiff's right of action is neither expressly stated nor necessarily implied from facts which are stated. It is well settled that in the latter case the defect is not cured by verdict. R. S. 1889, sec. 2113; Welch v. Bryan, 28 Mo. 30; Frazer v. Roberts, 32 Mo. 457; Langford v. Sanger, 40 Mo. 161; Peck v. Bridwell, 6 Mo. App. 451.

But here the petition was amended after verdict. The statute, section 4114, allows amendments to be made to supply defects in pleadings, either in the court where the judgment shall be given or in the court where the judgment shall be removed by appeal, or writ of error, in those cases where it is not against the right and justice of the matter in controversy and where it does not alter the issues between the parties. Here the court received evidence of the unalleged

fact without special objection for that reason being inter-posed thereto. The cause was tried as if this fact was in issue. It can not therefore be said that permitting the amendment altered the issues. Nor was such amendment forbidden by the provisions of section 2098. It seems to us that the amendment was properly allowed.

The defendant further objects that the court erred in its action in giving the plaintiff's first instruction which in-formed the jury that if they found from the evidence that the agent of defendant examined the property previous to writing the application, and that said agent wrote the application in the absence of plaintiff and placed the value on the property insured from his own knowledge; and that he did not inquire of plaintiff as to the value of said prop-erty, and did not request plaintiff to fix or estimate the value thereof; and if they further found that previous to the writ-ing of the application plaintiff truthfully informed said agent of all the facts concerning plaintiff's efforts to procure in-surance on said property and also informed said agent of the refusal of other agents to insure said property and of the re-fusal of said risk by other companies and of the ground of their refusal; and if they further found that at the time plaintiff signed said application said agent did not inquire of plaintiff as to any of the facts or of the truth of any of the answers therein and procured plaintiff to sign the same with-out reading said application, and that said agent wrote and delivered to plaintiff the policy sued on at said time, or that said policy was afterwards delivered by said agent to plaintiff and the plaintiff in good faith accepted said policy and paid the premium to said agent, then they should find the issues against the defendant on the alleged breach of warranty of value and the alleged breach of warranty, as to other compa-nies declining or not declining said risk.

——: fraud in application: knowledge of agent.

By the terms of the policy the application was made a part of the policy and a warranty by the assured. It was further provided in the policy that it should be void if the insured concealed or misrepresented in writing, or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; or in case of any false swearing by the assured touching any matter relating to the insurance, or the subject thereof, whether before or after a loss. The answer alleged that the statements made by the plaintiff in his application in respect to the value of the property, and that no other company except the Nevada company had declined the risk, were false and fraudulent, and that by reason thereof the policy by its terms became void.

We think that plaintiff's instruction, which has just been quoted, was a correct expression of the law when viewed with reference to the facts which the evidence tended to prove. The plaintiff's evidence tended to prove that the defendant's agent was fully informed before the application was written, both as to the value of the property covered by the policy and as to the rejection of the plaintiff's application for insurance by other companies; that the agent, with such knowledge, filled up the application and handed it to plaintiff for his signature, which plaintiff signed without reading and returned to the defendant's agent, who thereupon delivered the policy to plaintiff. The evidence tends to prove that the defendant's agent failed to correctly set forth the facts in the application as they were and as he knew them to be.

Although the plaintiff signed the application without knowledge of the false statement therein contained, yet it must be treated as of his own making. He will not be permitted to show that it was not his contract or that he had been innocently led into a warranty for what was not true, for this would be changing the contract. Proof of the fact that the false statements were written in the

*——: application: knowledge of agent: estoppel.*

application by the agent after he had been apprised as to the true value of the property and that plaintiff's application to other insurance companies had been declined, and that the plaintiff had accepted the policy, paying the premium, was admissible on the theory that an insurer, after a loss has occurred, will be estopped to rely on such breaches of warranty. The law is well settled that the insurer is estopped to show a breach of warranty where the agent who effects the insurance is fully apprised of the facts and knowing them all, still insures the property and receives the premium therefor. The act of the defendant's agent in filling up the application was the act of the defendant, and it is as much bound by what he did as if done by itself; and the knowledge of such agent was its knowledge. Having thus taken the risk it is not in such circumstance, after a loss has occurred, permitted to avoid the policy by disproving the truth of its own statements as contained in the application. In such case the doctrine of estoppel *in pais* is applicable. Combs v. Ins. Co., 43 Mo. 148; Franklin v. Ins. Co., 42 Mo. 456; Hayward v. Ins. Co., 52 Mo. 181; Pelkington v. Ins. Co., 55 Mo. 172; Breckinridge v. Ins. Co., 87 Mo. 62; Thomas v. Ins. Co., 20 Mo. App. 150; Roberts v. Ins. Co., 26 Mo. App. 92; Nixon v. Ins. Co., 69 Mo. App. 351.

It may not be out of place to state here that the policy in issue contained no such stipulation as that in Shoup v. Ins. Co., 51 Mo. App. 286, and therefore that case is to be distinguished from this.

It results that the judgment of the circuit court must be affirmed. All concur.