HACKETT BROTHERS et al., Defendants in Error, v. PHILADELPHIA UNDERWRITERS, Plaintiff in Error.

### Kansas City Court of Appeals, February 20, 1899.

1. **Pleading**: ANSWER: AMENDMENT.   The amended answer should contain the whole defense to the action and be in one paper.

2. ———: ———: ISSUES TRIED.   Where plaintiff proceeds upon the asmptiosun that certain matters were in issue on the pleadings and offers evidence and receives instructions on such issues, he can not after verdict complain that the pleadings presented no such issues.

3. **Insurance**: VACANCY: KNOWLEDGE OF AGENT: WAIVER.   Though a vacancy may under the terms of a policy avoid it, yet if the agent issuing the policy knows of such vacancy, the insurer can not insist upon it as a defense.

4. ———:' BUILDING IN COURSE OF CONSTRUCTION: SECOND POLICY: KNOWLEDGE OF AGENT.   Where, after the time allowed by a policy to complete the construction of a building has expired, the agent issues a second policy recognizing the first one and knows the building is not completed, the policy can not be avoided. .

5. ———: MECHANICS' WORKING: KNOWLEDGE OF AGENT.   The same principles apply to the agent's knowledge that mechanics are at work completing the building.

*Error to the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

AFFIRMED.

W. S. SHIRK and McVEY & McVEY for plaintiff in error.

(1)   The working of mechanics in the building without the consent of the company avoided the policy.   7 Am. and

Eng. Ency. of Law, p.1039; Richards on Ins., p. 152; Kern v. Ins. Co., 40 Mo. 19; Ins. Co. v. Coos Co., 151 U. S. 452; Gardner v. Ins. Co., 38 Me. 439; Frost D. L. & W. Works v. Ins. Co., 17 Ins. Law J. 50; Curry v. Ins. Co., 10 Pick. 535. (2) The building being vacant and unoccupied, the policy was avoided. Cook v. Ins. Co., 70 Mo. 610; Wheeler v. Ins. Co., 53 Mo. App. 446; Sprague v. Ins. Co., 49 Mo. App. 423; Craig v. Ins. Co., 34 Mo. App. 481; Sexton v. Ins. Co., 67 Iowa, 99; Ins. Co. v. Kempner, 27 S. W. Rep. 122; Bennett v. Ins. Co., 50 Conn.420; Ashworth v. Ins. Co., 112 Mass. 422; Weidert v. Ins. Co., 24 Pac. Rep. 242; Ins. Co. v. Boyd, 49 N. E. Rep. 285; Ostrander on Ins., p. 413; Richards on Ins., sec. 150; May on Ins., sec. 248. (3) The facts in the case show an avoidance of the policy by the vacancy of the property and the working of the mechanics in the building. Burnham v. Ins. Co., decided by St. Louis Court of Appeals, June 5, 1898, 1 Mo. App. Rep. 308; Ins. Co. v. Tilley, 88 Va. 1024; 14 S. E. Rep. 851; P k v. Ins. Co., 23 N. E. Rep. 210; Burner's Adm'r v. Ins. Co., 45 S. W. Rep. 109. (4) The evidence in the case clearly establishes the fact that the policy issued on the eleventh of February, for $1,500, No. 1084, was procured through concealment of actual facts and conditions then existing, and through the misrepresentations of the assured, in this: That the assured represented to the agent of the defendant that the building was completed and would be occupied by a tenant. On the faith of these representations the policy was issued, and it was on account of misrepresentations void *ab initio.* Joyce on Ins., sec. 1868; Keith v. Ins. Co., 52 Ill. 518; Ins. Co. v. Lawrence, 10 Pet. U. S. 516; Mascott v. Ins. Co., 37 Atl. Rep. 255-258; Waller v. Ins. Co., 64 Iowa, 101; Ins. Co. v. Lawrence, 2 Pet. 25, 49; Hamblet v. Ins. Co.,.36 Fed. Rep. 118; Waller v. Assur. Co., 10 Fed. Rep. 232; Collins v. Ins. Co., 44 Minn. 440; 46 N. W. Rep. 906; Lasher v. Ins. Co., 86 N. Y. 423, 427; Weed v. Ins. Co., 116 N. Y. 106,

113; 22 N. E. Rep. 229; Diffenbaugh v. Ins. Co., 150 Pa. St. 270; 24 Atl. Rep. 745; Fuller v. Ins. Co., 61 Iowa 350; Mers v. Ins. Co., 68 Mo. 127, 132; McFetridge v. Ins. Co., 54 N. W. Rep. (Wis.) 326; Henning v. Assur. Co., 77 Iowa 319; 42 N. W. Rep. 308; Ins. Co. v. Boulden, 11 S. Rep. (Ala.) 771; Ins. Co. v. Smith, 92 Ala. 428; 9 S. Rep. 327; Collins v. Ins. Co., 46 N. W. Rep. 906; Waller v. Ins. Co., 64 Iowa 101.

J. H. Rodes and Barnett & Barnett for defendants in error.

(1) The policy provisions and the breaches relied on as defenses must be specially pleaded. The defenses relied on in the appellant's brief are not pleaded in the amended answer. Chadwick v. Order of Triple Alliance, 56 Mo. App. 463; 2 Wood on Fire Ins. [2 Ed.], pp. 1141, 1142, 1143, sec. 522; R. S. 1889, sec. 2107; Woolfolk's Adm'r v. Woolfolk, 33 Mo. 110; Basye v. Ambrose, 28 Mo. 39; Rand v. Grubbs, 26 Mo. App. 591; Ticknor v. Voorhies, 46 Mo. 110. (2) At the time that the last policy for $1,500 was issued on February 11, 1896, Mr. C. B. Rodes knew that the building was vacant and unoccupied, as he was informed that plaintiffs "had a good tenant for the house as soon as it was ready." By issuing a policy with such notice, the agent waives the vacancy clause. Thackery v. Ins. Co., 62 Mo. App. 293; Joy v. Ins. Co., 35 Mo. App. 165; Prendergast v. Ins. Co., 67 Mo. App. 426; Blass v. Ins. Co., 46 N. Y. S. 392; Herndon v. Triple Alliance, 45 Mo. App. 426; Hamilton v. Ins. Co., 94 Mo. 353. (3) The question as to whether defendant's agent had such knowledge at the time he issued the last policy was properly submitted to the jury under appropriate instructions. Higgins v. Railway, 43 Mo. App. 547; Bender v. Railway, 137 Mo. 240; Chamberlain v. Smith, 1 Mo. 482; Speed v. Herrin, 4 Mo. 356. (4) Where the agent with

power to cancel the policy of insurance has knowledge of a breach which would cause a forfeiture yet fails to signify an intention to cancel the policy or claim a forfeiture of it, the company has waived the forfeiture and can not avail itself of such breach as a defense. McCollum v. Ins. Co., 67 Mo. App. 76; Anthony v. Ins. Co., 48 Mo. App. 65; 2 Wood on Fire Ins. [2 Ed.], pp. 910, 911, and vol. 1, p. 582, sec. 214. (5) The defendant waived the provisions of both policies, declaring such policies void "if mechanics be employed in building, altering or repairing the premises without consent indorsed thereon" by issuing the second policy and reciting in it the first, with knowledge of the fact that the building was incomplete and that carpenters or mechanics were engaged in the work of completion. Ins. Co. v. Armstrong, 34 N. E. Rep. 145; see also authorities under second point on question of waiver.

ELLISON, J.—This is an action on two policies of fire insurance, the petition stating a case on each policy in separate counts. The judgment below was for plaintiff.

The defendant filed an answer setting up several matters of defense, among them being that the property was vacant when insured and afterwards; that it was not completed when insured and that workmen and mechanics were engaged at work therein afterwards. All being contrary to the terms and conditions of the policy. Afterwards an amended answer was filed in which these defenses (which are relied on here) were omitted. Defendant seems to regard that he had the right to amend his answer by tacking the amendment onto the original and thus have the complete answer partly in one and partly in another paper. This was not the proper view of the matter. The amended answer should have contained the whole defense.

PLEADING: answer: amendment.

But plaintiff at the trial proceeded upon the assumption that the matters pleaded in the original answer were issues

—: —: issues
tried.
in the case, and indeed, those were the principal matters which engaged the parties, the court and the jury.   Evidence was heard and instructions given on those issues.   It is now, therefore, too late for plaintiff to make such point.   See Hilz v. Railway, 101 Mo. 36; Hill v. Drug Co., 140 Mo. 433; Pope v. Ramsay, 78 Mo. App. 157.

2.   The main points of defense are that the house was vacant without consent of the company and that mechanics worked in the building without defendant's consent.   It is undoubtedly true that if a house is vacant, or becomes vacant where the policy requires that it shall be and remain occupied there can be no recovery for loss.   Cook v. Ins. Co., 70 Mo. 610; Craig v. Ins. Co., 34 Mo. App. 481.   But if the agent of the insurance company who takes the insurance knows that the house is vacant at the time of the insurance and nevertheless delivers the policy and collects premium, it is a waiver of such vacancy and can not be insisted upon by the company.   Thackery v. Ins. Co., 62 Mo. App. 293; Prendergast v. Ins. Co., 67 Mo. App. 426. In this case the question of fact as to the agent's knowledge was submitted to the jury in direct terms.   There was ample evidence justifying the submission of such question.   Indeed, both sides submitted it.

INSURANCE: vacancy: knowledge of agent: waiver.

But in this case the building was in course of construction and there was a clause in the first policy permitting the vacancy for sixty days in which to complete the building.   It was not finished in that time.   The evidence, however, tended to show (and since the verdict we will assume it to be true) that defendant's agent knew of this fact and after the the time had expired he issued the second policy in suit in which the first policy is referred to and recognized..   With this knowledge he not only

—: building in course of construction: second policy: knowledge of agent.

did not take steps to cancel the first policy, but on the contrary, as just stated, issued another in recognition of it. In such circumstances the policy was not avoided. McCollum v. Ins. Co., 67 Mo. App. 76.

3.   So in regard to the question of mechanics laboring in the building after the issuance of the policy and the expiration of permit. If defendant's agent, at the time the policies were issued, knew that the building was incomplete and was in process of erection, then the fact that workmen were at work therein and so continued would not avoid the policies.

———: mechanics' working: knowledge of agent.

The case was properly submitted on instructions for each party, which clearly presented the issues involved and hence we affirm the judgment. All concur.