THE SCARRITT ESTATE COMPANY, Respondent, v. CASUALTY COMPANY OF AMERICA, Appellant.

Kansas City Court of Appeals, June 17, 1912.

ACCIDENT INSURANCE: Indemnity for Accidents:  Waiver. Where the insurer or its agent who takes the insurance knows of the existence of a ground of forfeiture provided in the policy and with such knowledge delivers the policy and collects the premium, the ground of forfeiture is waived.

Appeal from Jackson Circuit Court.—*Hon. Joseph A. Guthrie,* Judge.

AFFIRMED.

*Boyle & Howell* and *J. S. Brooks* for appellant.

(1) Appellant's instruction in the nature of a demurrer to the evidence should have been sustained. The policy did not cover loss from liability for injuries suffered by any person before the premises or elevator plant were completed ready for occupancy. The elevator plant was not completed ready for occupancy at the time of the injury. Donnell Mfg. Co. v. Hart, 40 Mo. App. 512; Bestor v. Roberts, 58 Ala. 331; Rogers v. Kimball, 121 Cal. 247; Winton v. Meeker, 25 Conn. 456; Conn v. Jones, 99 Ga. 608; Israel v. Reynolds, 11 Ill. 218; Pioneer Co. v. Freeburg, 59 Minn. 230; Chase v. Hinman, 8 Wend. 452. (2) A recovery cannot be had on an indemnity bond, by an indemnitee who has not performed a covenant which by the terms of the contract is a condition precedent to any liability on the part of the indemnitor, and it is a good defense that plaintiff has not complied with essential conditions of the bond of indemnity. 22 Cyc., pp. 93 and 102.

*Scarritt, Scarritt, Jones & Miller* for respondent.

JOHNSON, J.—This is an action on a policy of insurance issued by defendant to plaintiff on June 1, 1907, by the terms of which defendant in consideration of a premium of $70 agreed to indemnify plaintiff "against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries . . . suffered through an accident occurring during the term of this insurance policy, by . . any person . . not employed by the assured while in the car of any elevator mentioned in the schedule herein or while entering upon or alighting from such car or in the elevator well or hoisting of any elevator." Two elevators one a freight and the other a passenger were specified in the schedule annexed to

the policy which stated that both elevators were "to be used for passenger purposes."

These elevators were in a new office building owned by plaintiff in Kansas City. The policy was signed by defendant's president and secretary, was "countersigned at Kansas City" by Hunter, Ridge & Bryant as the "duly authorized agents" of defendant at Kansas City and was delivered to plaintiff in that city. On July 6, 1907, Paul F. Shortridge, a boy eleven years old, accompanied his mother to the building on a business call she made on a lawyer who had offices in that building. While his mother was engaged in conversation the boy went to the end of the hall to the door of the freight elevator and, prompted by curiosity, put his head into the elevator well through an open panel in the door, and was struck on the head by the elevator car and injured. He brought suit against defendant to recover damages for his injuries on the ground that they were caused by negligence of plaintiff and recovered a judgment in the circuit court for four thousand dollars which, on appeal to this court, was affirmed. [See Shortridge v. Scarritt Estate Co., 145 Mo. App. 295.] His father and mother also sued plaintiff for their damages and recovered judgment for five hundred dollars.

Both of these judgments, together with costs and attorneys' fees, were paid by plaintiff and the purpose of the present suit is to recover of defendant the amount of the loss thus incurred on the ground that it falls within the protection of the policy to which we have referred. At all times since the accident defendant has denied liability, refused to defend the Shortridge suits and in its answer interposed defenses, the principal one of which is that the policy by its terms provided that defendant should not be liable for "injuries suffered by any person before the premises or elevator plant are ready for occupancy" and that neither the office building nor the elevator in ques-

tion were ready for occupancy at the time of the injury.

A jury was waived and after hearing the evidence the court rendered judgment for plaintiff in accordance with the prayer of the petition and after unsuccessfully moving for a new trial and in arrest of judgment, defendant brought the case here by appeal. At the close of plaintiff's evidence defendant asked and the court refused a peremptory instruction. Defendant then introduced evidence and the cause was submitted by the parties to the court without a request from either party for findings of fact or declarations of law. We, therefore, are not advised by the record whether the court, which performed the double function of judge and jury in a law case found for plaintiff on the law or facts. Defendant does not claim that error was committed in the rulings on evidence and with the case in this posture it is our duty to sustain the judgment unless we should find it wholly unsupported by any reasonable theory of the case presented by the pleadings and evidence. [Rice v. McClure, 74 Mo. App. 383; Garrison v. Lyle, 38 Mo. App. 558; Rausch v. Michel, 192 Mo. 293.]

Taking up the point that the loss of plaintiff was not covered by the policy because of the stipulation that defendant should not be liable if the building and elevator were not completed ready for occupancy, we concede the parties who made the contract, lawfully could include an agreement of that character in their contract and that if defendant did not waive the ground of forfeiture thus provided we must give full force to the stipulation. [Hackett v. Phila. Underwriters, 79 Mo. App. 16; Rogers v. Insurance Co., 155 Mo. App. 276; Pelkington v. Ins. Co., 55 Mo. 177; Polk v. Insurance Co., 114 Mo. App. 514.]

But the rule is well settled that if the insurer or its agent who takes the insurance knows of the existence of a ground of forfeiture provided in the policy

and with such knowledge delivers the policy and collects the premium, the ground of forfeiture is deemed waived. The opposite rule would enable an insurance company to play fast and loose with its patrons, to lull them into a feeling of false security by pretending that the insurance was valid and when a loss occurred, bringing forth as a defense a ground of forfeiture that existed from the inception of the contract and of which the insurer all along had full knowledge. "If a party by his silence directly leads another to act to his injury, he will not be permitted, after the injury has happened to then allege anything to the contrary, for he who will not speak when he should will not be allowed to speak when he would." [Riley v. Insurance Co., 117 Mo. App. 229; Hackett v. Underwriters, supra; Cagle v. Ins Co., 78 Mo. App. 431; Polk v. Ins. Co., supra; Shutts v. Ins. Co., 159 Mo. App. 436; Rogers v. Ins. Co., supra.]

The evidence shows that the building was not entirely completed on the dates of the policy and injury; that the construction of the elevator door through which the boy stuck his head was not finished, since it required the insertion of fire glass in the open panels, and that further additions had to be made to the car, but before the policy was issued a number of offices had been completed, tenants had been received and the elevator had been put in commission. The recitations of the written parts of the policy and its annexed schedule as well as other facts and circumstances in evidence demonstrate beyond dispute that defendant's "duly authorized agents" who transacted the business with plaintiff knew the exact condition of the building and its elevators and accepted the elevators covered by the policy as "completed ready for occupancy." With such knowledge they delivered the policy and collected the premium. Defendant retained the premium and at no time before the loss offered to return it and cancel the policy. Under the rule we

have stated defendant is estopped from denying liability on the ground under discussion. There is no merit in the point urged in the reply brief that the loss was not within the purview of the policy because the boy was not injured while in the elevator or in the shaft. He inserted his head into the shaft far enough to have it struck by the car and was in the shaft within the meaning of the policy.

The judgment is affirmed.

All concur.